Filed 11/15/24  P. v. Mendoza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082788 |
| v. | (Super.Ct.No. RIF149675) |
| VICTOR JULIAN MENDOZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Warren J. Williams and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

In 2019, the California Department of Corrections and Rehabilitation (the Department) recommended that the superior court resentence Victor Julian Mendoza under former Penal Code section 1170, subdivision (d)(1) (former § 1170(d)(1)). (Unlabeled statutory references are to the Penal Code.) The court declined to follow the Department's recommendation, and Mendoza appeals from that order.

On appeal, Mendoza contends that he is entitled to a new hearing on the Department's recommendation because subsequent amendments to the statute (now codified in section 1172.1) apply retroactively under the principles of *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*). The People agree that remand for reconsideration of the Department's recommendation in light of the current version of the statute is appropriate because the relevant statutory amendments clarified existing law. We agree with the People, reverse the order rejecting the recommendation to resentence, and remand for reconsideration of the Department's recommendation under section 1172.1.

BACKGROUND

In 2010, the trial court sentenced Mendoza to 30 years three months in state prison pursuant to a plea bargain in which Mendoza pled guilty to 12 felonies, including three counts each of robbery (§ 211) and false imprisonment (§ 236)—one for each of three victims—and one count of active gang participation (§ 186.22, subd. (a)). Mendoza also admitted the truth of various sentencing enhancement allegations, including that he personally used a firearm in the commission of each of the robbery offenses within the meaning of subdivision (b) of section 12022.53 and that he personally used a firearm in

the commission of each of the false imprisonment offenses within the meaning of section 12022.5.

In 2019, the Department sent a letter to the superior court recommending that the court recall Mendoza's sentence and resentence him under former section 1170(d)(1) in light of the statutory amendment affording trial courts the discretion to strike or dismiss personal use firearm enhancements. (§ 12022.53, subd. (h).) The Department submitted various documents along with its recommendation, including a cumulative case summary and evaluation report that provided a brief summary of the underlying facts of the commitment offenses and a description of the programs in which Mendoza participated while in prison. In a written response, the People opposed resentencing and argued, in the alternative, that if Mendoza were resentenced, then he should receive the same sentence. Mendoza, represented by counsel, filed a brief in support of the Department's recommendation. A friend of Mendoza's family wrote a letter in support of resentencing, and Mendoza also wrote a letter to the court.

The court held a hearing on the matter in September 2020, at which the court indicated that it had read all of the documents filed. Both the prosecutor and defense counsel argued, and Mendoza addressed the court. The court took the matter under submission and two weeks later declined to recall Mendoza's sentence, finding that the summary of the offenses revealed that Mendoza was the "poster child" for the firearm enhancements.

Mendoza did not timely appeal. In 2023, he filed a petition for writ of habeas corpus to be excused from that failure under *In re Benoit* (1973)10 Cal.3d 72, 86-87, which the People did not oppose. We granted the petition and gave Mendoza 20 days to file a notice of appeal from the order denying him relief under former section 1170(d)(1), which we would consider constructively timely. Mendoza filed a notice of appeal within that 20-day period.

DISCUSSION

Mendoza acknowledges that section 1172.1 was not in effect when the trial court declined the Department's recommendation to recall his sentence and resentence him under former section 1170(d)(1). He nevertheless argues that the amendments to former section 1170(d)(1) (now codified in section 1172.1) apply retroactively under the principles of *Estrada*. The People disagree about the retroactive application of section 1172.1 under *Estrada* but concede that the matter should be remanded for a new hearing on the resentencing recommendation because the statutory amendments clarify former section 1170(d)(1). We agree with the People that remand for reconsideration is appropriate regardless of whether section 1172.1 is retroactive under *Estrada*, and we accordingly do not decide the issue of retroactivity.

Former section 1170(d)(1) authorized a trial court at any time on the Department's recommendation to recall a defendant's sentence and to resentence the defendant "in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Former § 1170(d)(1); *People v. McMurray*

4

(2022) 76 Cal.App.5th 1035, 1040 (*McMurray*).) Effective January 1, 2022, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540) substantively amended and redesignated the provision as (now-former) section 1170.03 (Stats. 2021, ch. 719, §§ 2, 3, 3.1), which itself was recodified as section 1172.1 without substantive change (Stats. 2022, ch. 58, § 9; *People v. Vaesau* (2023) 94 Cal.App.5th 132, 142). Section 1172.1 was further amended effective January 1, 2024, but not in any way relevant to the issues on appeal. (Stats. 2023, ch. 131, § 157; Stats. 2023, ch. 446, § 2; Stats. 2023, ch. 795, § 1.5.) Thus, the only relevant substantive differences for purposes of this appeal between former section 1170(d)(1) and section 1172.1 were enacted by Assembly Bill 1540, which set forth specific procedures a trial court must follow in considering the Department's recall and resentencing recommendation. (Stats. 2021, ch. 719, § 3.1; *McMurray*, *supra*, 76 Cal.App.5th at p. 1040.)

Section 1172.1, like former section 1170(d)(1), authorizes a trial court at any time on the Department's recommendation to recall a defendant's sentence and resentence the defendant to a new sentence not greater than the original sentence. (§ 1172.1, subd. (a)(1).) When the Department recommends recall and resentencing, the trial court is "now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant." (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040; § 1172.1, subds. (a)(7)-(8)(A), (b)(1).) "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses

5

an unreasonable risk of danger to public safety, as defined in subdivision (c) of [s]ection 1170.18."**1** (§ 1172.1, subd. (b)(2).) In considering whether to recall and resentence, the court is required to consider certain specified factors. (*Id.*, subd. (a)(5).) If the court resentences the defendant, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (a)(2).)

Relying on *McMurrray*, the People concede that remand is warranted because Assembly Bill 1540 clarified existing law. (*McMurray*, *supra*, 76 Cal.App.5th at pp. 1041-1042.) "A statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment." (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 (*Carter*).) Whether a statute clarifies existing law is a question of statutory interpretation, which we independently review. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

In *McMurray*, the trial court summarily denied the Department's recommendation to recall and resentence under former section 1170(d)(1). (*McMurray*, *supra*, 76 Cal.App.5th at p. 1037.) The defendant appealed from that denial, and Assembly Bill 1540 became effective while the appeal was pending. (*McMurray*, at p. 1038.) The

---

**1** "Section 1170.18, subdivision (c), defines an '"unreasonable risk of danger to public safety"' as meaning 'an unreasonable risk that the petitioner will commit a new violent felony within the meaning of' subdivision (e)(2)(C)(iv) of section 667. The eight felonies listed in that provision are referred to 'as "super strikes."'" (*People v. Lewis* (2024) 101 Cal.App.5th 401, 409.)

6

Court of Appeal concluded that Assembly Bill 1540 applied to the defendant's case because it clarified former section 1170(d)(1). (*McMurray*, at pp. 1041-1042.)

Analyzing the legislative history of Assembly Bill 1540, *McMurray* reasoned that "the Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the [the Department] recommends recall and resentencing." (*McMurray*, *supra*, 76 Cal.App.5th at p. 1041.) *McMurray* noted that various passages in the legislative history demonstrated that Assembly Bill 1540 was enacted in part to clarify the Legislature's intent regarding former section 1170(d)(1), specifically "that trial courts should accept [the Department's] resentencing recommendations." (*McMurray*, at p. 1040.) *McMurray* further explained that the legislative history indicated that Assembly Bill 1540 also was enacted for the additional purpose of "clarify[ing] certain aspects of former section1170(d)(1) that the appellate courts had incorrectly interpreted, including that, 'when a sentence is recalled or reopened for any reason, in resentencing the defendant trial courts must apply ["]any changes in law that reduce sentences or provide for judicial discretion.""" (*McMurray*, at p. 1041.)

We agree with *McMurray*'s analysis of the legislative history of Assembly Bill 1540 and therefore also agree with the conclusion that Assembly Bill 1540 was enacted to clarify former section 1170(d)(1). (*McMurray*, *supra*, 76 Cal.App.5th at pp. 1040-1041; *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1089-1090 [same]; *People v. Braggs*

7

(2022) 85 Cal.App.5th 809, 817 [same]; *People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078 [same].)  We therefore accept the People's concession and conclude that the amendments to former section 1170(d)(1) apply to the trial court's consideration of the Department's recall and resentencing recommendation even though the court's ruling predated those amendments.  (*Carter*, *supra*, 38 Cal.4th at p. 922.)  We accordingly reverse and remand for the trial court to reconsider the Department's recommendation under the current version of section 1172.1.  (*McMurray*, at p. 1039.)

In addition, as the People correctly acknowledge, the abstract of judgment dated December 20, 2018 (the most recent version included in the limited record on appeal) indicates that Mendoza's sentence is 30 years four months.  That differs from the sentencing minute order and the prior versions of the abstract of judgment, all of which reflect a sentence of 30 years three months.  It is possible that the discrepancy is a clerical error that has already been corrected while this appeal has been pending, and it is also possible that Mendoza will be resentenced on remand, resulting in a new abstract of judgment and rendering the issue moot.  In any event, on remand the trial court should ensure that the operative abstract of judgment is free of clerical errors.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate court may order the correction of clerical errors on its own motion]; see also *People v. Leon* (2020) 8 Cal.5th 831, 855 ["Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error"].)

## DISPOSITION

The order denying recall and resentencing is reversed, and the matter is remanded to the trial court to consider whether to recall Mendoza's sentence and resentence him in accordance with section 1172.1.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____

J.

We concur:

RAMIREZ_____

P. J.

CODRINGTON_____

J.